PS 8 Revised 07
MD/TN Revised 10/10

☐ Interpreter Required

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. __L. Brian Whitfield__  Docket No. __3:12-00044-01__

## Petition for Action on Conditions of Pretrial Release

COMES NOW __Burton Putman__, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant __L. Brian Whitfield__ who was placed under pretrial release supervision by the __Honorable John S. Bryant, U.S. Magistrate Judge__ sitting in the Court at __Nashville, Tennessee__, on __March 5, 2012__, under the following conditions: Please reference the attached Order Setting Conditions of Release

Respectfully presenting petition for action of Court and for cause as follows:
Please reference pages two and three of this document

I declare under penalty of perjury that the foregoing is true and correct.

| W. Burton Putman, Supervising U.S. Pretrial Services Officer | Nashville, TN  Place: | January 24, 2013  Date: |
|---|---|---|
| **Next Scheduled Court Event** | Pretrial Status Conference  Event | March 11, 2013  Date |

## PETITIONING THE COURT

☐ No Action  ☒ To issue an order setting a hearing on the petition
☐ To Issue a Warrant  ☐ Other

---

THE COURT ORDERS:
☐ No Action
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshals only)
☐ Other

☒ A Hearing on the Petition is set for

__February 8, 2013__ __1:30 p.m.__
Date                     Time

Considered and ordered this __25th__ day of __January__, __2013__, and ordered filed and made a part of the records in the above case.

___John Bryant___
Honorable John S. Bryant
U.S. Magistrate Judge

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Whitfield, L. Brian
Docket No. 3:12-00044-01
January 24, 2013

On March 5, 2012, the defendant, L. Brian Whitfield, was released by the Court, on a $20,000 Unsecured Appearance Bond and pretrial services supervision with conditions. The defendant almost immediately returned to the District of Arizona, and has since been under the courtesy pretrial supervision of the U. S. Pretrial Services Office in Phoenix, Arizona.

**Special Conditions of Pretrial Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: The defendant must immediately advise the Court, defense counsel, and the U.S. Attorney's Office in writing before any change in address or telephone number and shall provide the Court and U.S. Probation with a viable living address and update that address as needed.**

According to the defendant's pretrial services officer in the District of Arizona, the defendant reported his address to be 11131 East Desert Vista Drive, Scottsville, Arizona 85255, at the outset of supervision. The residence was confirmed by a pretrial services home assessment on March 20, 2012. Also, on October 4, 2012, the defendant provided the pretrial services officer with a copy of his October 2012, DirectTV billing statement which indicated he continued to receive service at 11131 East Desert Vista Drive.

A follow up home inspection was attempted on January 21, 2013. According to the current residents, they had lived at the address since mid summer 2012. The pretrial services officer immediately attempted to contact the defendant via telephone. A voice mail message was left for the defendant to return the call. Approximately one hour later, the defendant returned the call. He advised he had not lived at the East Desert Vista Drive address since June 2012. He stated that he had moved in with a friend and did not want the friend to know about his pending federal charges and originally planned to stay with the friend for only a short time. For these reasons, he said he did not report his change of address to the pretrial services officer. He was instructed to report to the pretrial services office the following day and to bring with him a letter from his roommate. He was advised that the letter needed to include the defendant's new address, the date he moved to the residence, and contact information for the roommate.

The next day, January 22, 2013, the defendant reported to the pretrial services office and provided a typed letter from Michael Shaw, his current roommate. The letter read: "This letter is to confirm Brian Edwards has lived at my house, 2639 E. Nisbet Road, Phoenix, Arizona 85032 since June 2012." The pretrial services officer confirmed this information by calling Mr. Shaw on the telephone. The defendant indicated that he was using the last name Edwards because it

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Whitfield, L. Brian
Docket No. 3:12-00044-01
January 24, 2013

was his mother's maiden name and that he did not want others to be able to "Google" his real name and learn what might be going on with his federal charges. The pretrial services officer then asked the defendant why Caller I.D. indicated the defendant's cell phone was also in the name of Brian Edwards. The defendant could not provide an answer. He did say that his account is in the name of Brian Whitfield and that he would provide the pretrial services officer a copy of his cell phone bill for proof. Subsequently, the defendant did provide a copy of the bill and it did indicate the account is in the name of Brian Whitfield. However, the pretrial services officer believes the defendant has the ability to change the settings so that the name of Brian Edwards appears on Caller I.D.

**Current Status of Case:**

According to PACER, a Status Conference is scheduled on March 11, 2013, at 12:00 p.m. before the Honorable Todd J. Campbell, U.S. District Judge.

**Probation Officer Action:**

At the outset of supervision, the pretrial services officer in the District of Arizona went over with the defendant at length all release conditions including those regarding the reporting of a change in address. Although the defendant is not required to report in person to the pretrial services office on a regular basis, he is required to report by phone on the 5th day of each month. From June 2012, to January 2013, he had ample opportunity to report that he had moved. On January 22, 2013, the defendant was advised a second time of all release conditions ordered by Your Honor on March 5, 2012. The pretrial services officer has even spoken with the defendant's attorney about the recently discovered noncompliance.

**Respectfully Petitioning the Court as Follows:**

It is respectfully recommended that the Court set this matter for hearing so that the defendant can answer why his bond and pretrial supervision should not be revoked. The defendant has misrepresented his address to pretrial services for the past six months and has used an alias name in his relationship with his roommate and possibly others. Pretrial believes that both increase the risk of nonappearance.

The U.S. Attorney's Office has been advised of the defendant's noncompliance and concurs with the recommendation that a hearing be scheduled.

Defense counsel has been advised that a hearing will be requested. He has indicated that he is in trial the entire month of February 2013, but that he would be available for any hearing before Your Honor that is scheduled on a Friday during the month of February.

3

Honorable John S. Bryant
U.S. Magistrate Judge
Petition for Action on
Whitfield, L. Brian
Docket No. 3:12-00044-01
January 24, 2013

Submitted by:

_____
W. Burton Putman
Supervising U. S. Probation Officer

Approved:

_____
Jim Perdue
Deputy Chief U.S. Probation Officer

Attachment: Order Setting Release Conditions

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:12-00044 (1) |
| L. Brian Whitfield | ) | |
| | ) | |
| *Defendant* | ) | |

## APPEARANCE BOND

### Defendant's Agreement

I, _____L. Brian Whitfield_____ *(defendant)*, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

    ( X )     to appear for court proceedings;
    ( X )     if convicted, to surrender to serve a sentence that the court may impose; or
    ( X )     to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1) This is a personal recognizance bond.

( X ) (2) This is an unsecured bond of $ 20,000.00 .

(   ) (3) This is a secured bond of $ _____ , secured by:

    (   ) (a) $ _____ , in cash deposited with the court.

    (   ) (b) the agreement of the defendant and each surety to forfeit the following cash or other property
        *(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)*:

    _____

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   ) (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety)*:

    _____
    _____
    _____

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

(1) all owners of the property securing this appearance bond are included on the bond;
(2) the property is not subject to claims, except as described above; and
(3) I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: 3-5-12                                   _____
                                                *Defendant's signature*

_____                _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____                _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

_____                _____
*Surety/property owner – printed name*          *Surety/property owner – signature and date*

CLERK OF COURT

Date: _____                          _____
                                                *Signature of Clerk or Deputy Clerk*

Approved.

Date: March 5, 2012                            John Bryant, USMJ
                                                *Judge's signature*

# UNITED STATES DISTRICT COURT
for the

Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br><u>L. Brian Whitfield</u><br>*Defendant* | )<br>)<br>) Case No. 3:12-00044 (1)<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed

The defendant must appear at *(if blank, to be notified)* __to be notified__
*Place*

_____ on _____
*Date and Time*

### Release on Personal Recognizance or Unsecured Bond

IT IS FURTHER ORDERED that the defendant be released on condition that:

( ✔ ) (5) The defendant promises to appear in court as required and surrender to serve any sentence imposed.

( X ) (6) The defendant executes an unsecured bond binding the defendant to pay to the United States the sum of
<u>Twenty Thousand</u> dollars ($ <u>20,000.00</u> )
in the event of a failure to appear as required or surrender to serve any sentence imposed.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not by itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (7) The defendant is placed in the custody of:
Person or organization _____
Address *(only if above is an organization)* _____
City and state _____ Tel. No. *(only if above is an organization)* _____

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings, and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____
*Custodian or Proxy*                    *Date*

( X ) (8) The defendant must:
- ( X ) (a) report to the  Pretrial Services Office as directed  ,
  telephone number  (615) 736-5771  , no later than _____
- ( ) (b) execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property:
- ( ) (c) post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum
- ( ) (d) execute a bail bond with solvent sureties in the amount of $ _____
- ( X ) (e) maintain or actively seek employment.
- ( ) (f) maintain or commence an education program.
- ( X ) (g) surrender any passport to:  Pretrial Services.
- ( X ) (h) obtain no passport.
- ( X ) (i) abide by the following restrictions on personal association, place of abode, or travel:  Travel is restricted to the Middle District of Tennessee and the District of Arizona unless approved in advance by Pretrial Services.
- ( ) (j) avoid all contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to:
- ( ) (k) undergo medical or psychiatric treatment or remain in an institution as follows:
- ( ) (l) return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s):
- ( ) (m) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
- ( X ) (n) refrain from possessing a firearm, destructive device, or other dangerous weapons.
- ( X ) (o) refrain from ( ) any ( X ) excessive use of alcohol.
- ( ) (p) refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
- ( ) (q) submit to any testing required by the pretrial services office or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is (are) required as a condition of release.
- ( ) (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if the pretrial services office or supervising officer considers it advisable.
- ( ) (s) participate in one of the following location monitoring program components and abide by its requirements as the pretrial services officer or supervising officer instructs.
  - ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____ , or ( ) as directed by the pretrial services office or supervising officer; or
  - ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the pretrial services office or supervising officer; or
  - ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.
- ( ) (t) submit to the location monitoring indicated below and abide by all of the program requirements and instructions provided by the pretrial services officer or supervising officer related to the proper operation of the technology.
  - ( ) The defendant must pay all or part of the cost of the program based upon your ability to pay as the pretrial services office or supervising officer determines.
    - ( ) (i) Location monitoring technology as directed by the pretrial services office or supervising officer;
    - ( ) (ii) Radio Frequency (RF) monitoring;
    - ( ) (iii) Passive Global Positioning Satellite (GPS) monitoring;
    - ( ) (iv) Active Global Positioning Satellite (GPS) monitoring (including "hybrid" (Active/Passive) GPS);
    - ( ) (v) Voice Recognition monitoring.
- ( X ) (u) report as soon as possible, [*and in any event within 48 hours*] to the pretrial services office or supervising officer any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning, or traffic stop.
- ( X ) (v) Defendant shall permit a pretrial services officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the officer.

(X) (w) **Defendant shall provide the Court and U.S. Probation with a viable living address and update that address as needed.**

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Nashville TN
*City and State*

### Directions to the United States Marshal

( X ) The defendant is ORDERED released after processing.
(  ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____March 5, 2012_____       _____John Bryant_____
                                     *Judicial Officer's Signature*

JOHN S. BRYANT, U.S. MAGISTRATE JUDGE
*Printed name and title*

DISTRIBUTION:   COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL